UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SHACHNO, an individual, on behalf of himself and all persons similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 22-CV-1215 TWR (JLB)<br><br>**ORDER GRANTING JOINT MOTION TO STAY CASE**<br><br>(ECF No. 54) |

　　　　Presently before the Court is the Plaintiff Matthew Shachno and Defendant Marriott International, Inc.'s Joint Motion to Stay Case Pending June 8, 2023 Mediation. (ECF No. 54, "Mot.") "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to issue a stay, the court must consider the "possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, the Parties seek a stay of this action and all pending deadlines because they "are attending a private mediation on June 8, 2023 for potential resolution of both this action and its companion state-court Private Attorneys General Act ('PAGA') action." (Mot. at 3.) The Parties assert that a stay is justified for the foregoing reasons:

> (i) it will allow the Parties to avoid further burdensome and costly class discovery; (ii) it will stay (and potentially avoid) all pending discovery disputes between the Parties, which this Court has had to (and will continue to) referee through informal discovery conferences; (iii) it may avoid discovery motion practice; (iv) it will stay (and potentially avoid) other motion practice (e.g., Defendant's Motion for Sanctions, Plaintiff's class certification motion, Defendant's summary judgment motion, etc.) – all of which this Court would have to analyze and rule on; and (v) it will allow the Parties to focus their attention on potential resolution.

(Mot. at 4–5.) Good cause appearing, the Court **GRANTS** the Parties' Joint Motion. Accordingly, the Court **STAYS** this action pending the mediation on June 8, 2023. Pursuant to the Joint Motion, the Parties **SHALL FILE** a joint status report <u>on or before June 29, 2023</u>.

**IT IS SO ORDERED.**

Dated: April 18, 2023

_____
Honorable Todd W. Robinson
United States District Judge